George C. Paine, II
US Bankruptcy Judge
Dated: 01/05/09



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re: )
LORI ANN DIXON, ) CASE NO. 08-09389
) CHAPTER 13
Debtor ) JUDGE GEORGE C. PAINE, II
)

**MEMORANDUM**

The matter before the court is the confirmation of the debtor's proposed chapter 13 plan. The chapter 13 trustee objects that the debtor is not paying all projected disposable income into the plan pursuant to 11 U.S.C. § 1325(b). For the reasons cited herein, the court sustains the trustee's objection and DENIES confirmation of the debtor's chapter 13 plan.

The only proof before the court was offered by the chapter 13 trustee, and includes: (1) the debtor's Official Form 22C, (2) the Order confirming the debtor's Chapter 13 plan, (3) the debtor's Schedule I, and (4) the debtor's Summary of Schedules. From these documents, it is clear that the debtor is an above median income debtor. Her Schedule I shows her current gross income of $5,460.61, and

the debtor's B22C shows deductions from income totaling $4,961.30. The Summary of Schedules shows total unsecured debt of $10,610.00, and her plan proposes to pay 37% to unsecured creditors.

The trustee contends that based on the Sixth Circuit BAP's opinion in **In re Petro,** 395 B.R. 369 (6th Cir. (BAP),2008), the debtor has not committed all of her disposable income to the chapter 13 plan, and to satisfy the confirmation requirements, the debtor must pay a dividend of 81% to unsecured creditors. According to the trustee, the debtor's gross income of $5,460.61, is reduced by her B22C martial adjustment ($159) and then further reduced by B22C's allowance of expenses ($4,961.30). The trustee argues that these are the only expenses allowed by 11 U.S.C. §§ 707(b) and 1325(b), and no other proof is before the court to deviate from those expenses. Thus, the debtor's gross income ($5,460.61) less her marital adjustment ($159), less her B22C expenses ($4,961.30) leaves net monthly income of $340.31 which over the applicable commitment period (60 months) would fund an 81% payment to unsecured creditors.

The debtor argues that **Petro** was wrongly decided and alternatively, if the court follows **Petro**, then the court should determine allowable expenses in conjunction with the forward looking approach of **Petro**. The debtor argues that

if the court is going to look at actual monthly income for purposes of projecting forward, then the court must also look to actual expenses on a going forward basis. The debtor's actual expenses, according to the debtor, make the debtor's plan confirmable as proposed.

The court indicated to the parties that the **Petro** decision, although the court thinks wrongly decided, would be followed in the name of uniformity. Thus, the court must only address the debtor's alternative argument about consideration of expenses. In order for a debtor's plan to be confirmed, the debtor must prove by a preponderance of the evidence that it satisfies each of the requirements of 11 U.S.C. § 1325. **Hardin v. Caldwell (In re Caldwell)**, 895 F.2d 1123, 1126 (6th Cir.1990). The debtor has failed to meet her burden of proof.

The trustee correctly argues that based on the limited proof, the court must consider only the debtor's allowable expenses from the debtor's Form 22C ($4,961.30). No other expenses are in the proof before the court. Because the debtor has failed to show that she has dedicated all projected disposable income into her plan, the court SUSTAINS the trustee's objection, and DENIES confirmation of the debtor's plan. The debtor shall have fifteen (15) days from entry of this Memorandum to propose an amended plan, and if no such plan is submitted, the

debtor's case shall automatically be dismissed. The court instructs the trustee to prepare an order not inconsistent with this opinion within ten (10) days of entry of this Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

4-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-bk-09389    Doc 15    Filed 01/05/09    Entered 01/05/09 15:31:15    Desc Main Document    Page 4 of 4